Kato COLEMAN, Plaintiff–Appellant,

v.

**TRADER JOE'S CORPORATION,**
Defendant–Appellee.

No. 12–387.

United States Court of Appeals,
Second Circuit.

March 1, 2013.

Kato Coleman, Roosevelt, NY, pro se.

Mark W. Robertson and Matthew F. Damm, O'Melveny & Myers LLP, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Kato Coleman, *pro se*, appeals the district court's dismissal of his lawsuit against Trader Joe's Corporation for his refusal to comply with discovery orders and his failure to prosecute his claim (pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A), and 41(b)). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). However, a *pro se* party's failure to object to a magistrate's report within the fourteen-day time limit (prescribed by 28 U.S.C. § 636(b)(1)) usually will not operate as an appellate waiver, "unless the magistrate's report explicitly states that failure to object to the report within [fourteen] days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and [Federal Rules of Civil Procedure 72 and 6(a) ]." *Id.*

Coleman failed to object to the magistrate judge's report and recommendation after receiving clear notice that a failure to do so would result in a waiver of his right to appellate review. In giving Coleman

notice, the magistrate judge explicitly cited 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72 and 6(a). Accordingly, Coleman has waived his right to appellate review.

We have considered Coleman's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.